### J. M. HAWKINS v. T. L. LEE, ETC.

**Bailment—Carrying Without Compensation.**

Where a steamer undertook the transportation of a package without receiving or expecting compensation therefor its relation to the owner was that of a mere bailee and was not liable for the loss of the package unless it resulted from its negligence or the negligence of its agents or servants.

**Appeal—Judgment—Reversal.**

The judgment of the court in a common law action stands on the same footing with the verdict of the jury, and will not be disturbed on appeal, unless palpably against the weight of the evidence.

APPEAL FROM McCRACKEN CIRCUIT COURT.

January 24, 1873.

OPINION BY JUDGE LINDSAY:

The testimony shows that no change was made and no compensation expected for the transportation of the package containing plaintiff's money from Paducah to its destination on the Tennessee River.

As to such package the owners of the steamer were not acting in the capacity of common carriers, but as mere accommodation bailees. They are not liable for its loss unless it resulted from the neglect of themselves, their agents or their servants.

Whether or not it was so lost, was a question which the parties voluntarily submitted to the court for adjudication. The judgment of the court in a common law action stands on the same footing with the verdict of a jury. We are not prepared to decide that the judgment in this case was palpably against the weight of the evidence.

It must therefore be *affirmed*.

*Harris & Allen, for appellant.*

*Q. Q. Quigley, for appellee.*